IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| NADIRA PITTMAN,<br><br>　　Plaintiff,<br><br>v.<br><br>NICOLE ALLEN, et al.,<br><br>　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:24-cv-1937-TCB |

## **O R D E R**

This case comes before the Court for a frivolity review of Plaintiff Nadira Pittman's complaint under 28 U.S.C. § 1915(e).

The Court must dismiss an in forma pauperis complaint if it determines that "(i) it is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) or "if the 'plaintiff's realistic chances of ultimate success are slight," *Clark v. State of Ga.*

*Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" *Craven v. Florida*, No. 6:08-cv-80-Orl-19-GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008)

The Court recognizes that Pittman is appearing pro se. Thus, her pleading is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But pro se plaintiffs must still meet the threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998).

And while the Federal Rules do not require specific facts to be pled for every element of a claim or that claims be pled with precision, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (internal citation omitted). A plaintiff is required to present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and

"'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Pittman's initial complaint alleged that she has "been dealing with mind control, stalking, harassment" and that she was harassed, threatened, and subject to unsafe conditions while incarcerated. [1] at 5.

On May 22, the Court issued an order [15] informing Pittman that her initial complaint does not state a claim for relief because there are not sufficient factual allegations to support her claims. Pittman's complaint has scant details, and there are not enough facts to "raise a right to relief above the speculative level," or to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Moon*, 863 F.2d at 837.

The Court's order directed Pittman to file an amended complaint that would: (1) comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, including alleging the basis for this Court's subject-matter jurisdiction; (2) provide sufficient, non-conclusory factual allegations that support each claim; (3) identify each cause of action in separate counts of the complaint, providing within

each count a succinct explanation of the legal theory for the claim, and identifying the Defendant(s) against whom the particular cause of action is brought; (4) identify whether the individual Defendant is being sued in her individual or official capacity; (5) identify which specific factual allegations and acts by Defendant(s) support each cause of action within each count of the complaint; and (6) exclude all generalized discussions and immaterial allegations.

The order further informed Pittman that failure to timely submit a properly amended complaint would result in the case being dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pittman has filed an amended complaint [12]. However, it suffers from nearly all the same deficiencies as the original. Specifically, the amended complaint still fails to provide sufficient detail to "raise a right to relief above the speculative level," or to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Moon*, 863 F.2d at 837. Therefore, the Court must dismiss this action as frivolous. The Clerk is directed to close this case.

IT IS SO ORDERED this 4th day of June, 2024.

_____
Timothy C. Batten, Sr.
Chief United States District Judge